# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **KRYSTAL DAWN MILLER,** § | | |
| **TDCJ No. 02199513,** § | | |
| § | | |
| **V.** § | **W-22-CV-280-ADA** | |
| § | | |
| **BOBBY LUMPKIN.** § | | |

## ORDER

Before the Court is Krystal Dawn Miller's ("Petitioner") counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons below, Petitioner's petition is dismissed with prejudice as untimely.

## I. Discussion & Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Texas state court records indicate Petitioner was convicted of burglary of a habitation on March 30, 2018, and sentenced to sixteen years imprisonment. *State v. Miller*, No. CR17-0650-392 (392nd Dist. Ct., Henderson Cnty., Mar. 30, 2018). Her conviction was affirmed on direct appeal on February 6, 2019. *Miller v. State*, No. 12-18-00103-CR, 2019 WL 456940 (Tex. App.—Tyler, Feb. 6, 2019, pet. ref'd). On August 21, 2019, the Texas Court of Criminal Appeals (TCCA) refused her Petition for Discretionary Review (PDR), *Miller v. State*, No. PD-0300-19 (Tex. Crim. App. Aug. 21, 2019), and she did not file a petition for writ of certiorari (ECF No. 1 at 3).

For purposes of federal review, Petitioner's conviction became final on November 19, 2019, ninety days after the TCCA refused her PDR. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final by the expiration of the time for seeking direct review); Sᴜᴘ. Cᴛ. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when filed within ninety days after entry of the judgment). Absent statutory or equitable tolling, Petitioner's deadline for filing her federal habeas petition within the AEDPA limitations period was therefore November 19, 2020; however, she did not execute her federal petition until March 16, 2022.

*a. Statutory Tolling.* The AEDPA limitations period is tolled during the pendency of a properly filed state habeas corpus application. *See* 28 U.S.C. § 2244(d)(2). According to state records, Petitioner filed a pro se state habeas application on June 17, 2020, which the TCCA dismissed as noncompliant on July 29, 2020. *Ex parte Miller*, WR-

2

91,488-01 (Tex. Crim. App. July 29, 2020). As such, this petition was not properly filed and does not toll the AEDPA statute of limitations.

On August 25, 2020, Petitioner filed her second state habeas application, this time through counsel, which the TCCA denied without written order on March 17, 2021. *Ex parte Miller*, WR-91,488-02 (Tex. Crim. App. Mar. 17, 2021). Between the date when Petitioner's judgment became final—November 19, 2019—and the date she executed her second state habeas application, 280 days had passed, leaving Petitioner with eighty-five (85) days remaining in her AEDPA limitations period. Therefore, once the TCCA denied her second state habeas application on March 17, 2021, Petitioner's federal petition was due on June 10, 2021. However, Petitioner did not file her federal petition until March 16, 2022, making her federal petition untimely by 279 days.

*b. Equitable Tolling.* In response to the Court's show cause order, Petitioner argues she is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "discretionary," "does not lend itself to bright-line rules," and "turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). In terms of diligence, the Fifth Circuit has held that those who "sleep on their rights" are not entitled to equitable tolling, *Fischer*, 174 F.3d at 713 (citation omitted), and thus a petitioner must show she "'pursued the process with diligence and alacrity,'" *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Regarding extraordinary circumstances, while a state-created delay

3

in sending a court opinion to a petitioner may constitute an extraordinary circumstance, *Phillips*, 216 F.3d at 511, the Fifth Circuit has consistently found no exceptional circumstances in cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications, *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner argues she is entitled to equitable tolling because the COVID-19 pandemic was an extraordinary circumstance that resulted in lengthy lockdowns at the Crain Unit and, importantly, meant she was unable to have access to her habeas counsel for an extended period of time which resulted in her filing her federal petition 279 days after the AEDPA limitations period expired.

While Petitioner's response focuses on the pandemic as an "exceptional circumstance," a petitioner seeking equitable tolling must show both diligence and exceptional circumstances. In terms of diligence, Petitioner waited 280 days before filing her second state habeas corpus application, thereby leaving her only with only eighty-five days remaining in her AEDPA limitations period. Further, after the TCCA denied Petitioner's state habeas application, Petitioner waited exactly one year before filing her federal habeas application. In similar circumstances, the Fifth Circuit found a petitioner not diligent when he waited almost seven months before seeking state

4

habeas relief and then waited seven more weeks after receiving the state court's rejection of his habeas application before seeking federal relief. *See Stroman v. Thaler*, 603 F.3d 299, 301-03 (5th Cir. 2010). Petitioner fails to address diligence in her response to the Court's order; based on these facts, the Court cannot conclude she pursued her rights with diligence and alacrity.

Further, Petitioner also fails to show that some exceptional circumstance stood in the way of her filing her federal petition within the AEDPA limitations period. Petitioner's sole argument before the Court is that the COVID-19 pandemic constituted an exceptional circumstance because that she was unable to visit with her counsel for long periods of time. However, delays cause by intermittent lockdowns do not generally constitute an "extraordinary circumstance" because they do not prevent a prisoner from filing a petition. *See, e.g., Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished per curiam) (holding that temporary denial of access to research materials or the law library were not extraordinary circumstances sufficient to warrant equitable tolling). Outside her general allegations, Petitioner presents no evidence that any intermittent lockdowns "actually prevented" her from filing her federal petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). The Court also notes that Petitioner filed her second state habeas application through counsel on August 25, 2020, five months into the COVID-19 pandemic and the various TDCJ lockdowns Petitioner now alleges took away her access to counsel. As a result, the Court concludes that, because Petitioner has failed to show she diligently pursued her rights or that some extraordinary circumstance stood in her way, she is not entitled to equitable tolling.

*c. Actual Innocence.* In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Petitioner, however, does not argue she is actually innocent of her underlying conviction. Further, Petitioner has not shown that she could not have discovered the factual predicate of his claims earlier or that the claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's federal petition for writ of habeas corpus is untimely and barred from federal habeas review by § 2244(d)(1).

## II. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely; and

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this 12th day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE